J. Owen Murrin (SBN 75329)
Murrin Law Firm
7040 E. Los Santos Drive
Long Beach, California 90815
Phone:  562-342-3011
Fax:  562-724-7007
E-mail: jmurrin@murrinlawfirm.com
Attorneys for DARRELL E. COSTA,
BYRON C. COSTA

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL E. COSTA;<br>BYRON C. COSTA,<br><br>       Plaintiffs,<br><br>       v.<br><br>ROMAN MELIKOV;<br>MELIKOVA ADVISORY SERVICES, LLC;<br>INTERACTIVE BROKERS, LLC;<br>INTERACTIVE BROKERS GROUP, INC.; DOES 1 to 20,<br><br>       Defendants | **Case No.: 2:20-cv-09467 AB (ASx)**<br><br>PLAINTIFF'S OPPOSITION TO DEFENDANT ROMAN MELIKOV'S MOTION FOR RECONSIDERATION UNDER F.R.Civ.P., Rule 59(e)<br><br>Date: July 29, 2022<br>Time: 10 a.m.<br>Courtroom: 7B<br>Hon. District Judge André Birotte, Jr. |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

   Plaintiffs hereby file this Opposition to Defendant ROMAN MELIKOV'S Motion for Reconsideration under F.R.Civ.P., Rule 59(e)

   ///

   ///

**INTRODUCTION**

Plaintiffs made a motion to reopen this case after it was sent to arbitration because of the dilatory delay and obstructive tactics utilized by Defendant MELIKOV throughout these proceedings. This included MELIKOV's failure to submit to American Arbitration Association ("AAA") on the terms that AAA arbitration set for him in conformity with his own contract with Plaintiffs. The hearing to reopen this case was originally set to be held on May 27, 2022, but MELIKOV did not show up. The matter was rescheduled to June 3, 2022, at 10:30 p.m. pursuant to Order founded at Dkt. No. 69. At the hearing, Plaintiffs presented a compelling case outlining the dilatory action, inconsistencies, and almost two years of wasted time caused by MELIKOV's conduct. It started with him suggesting FINRA arbitration, and then backing out. Eventually, he demanded AAA arbitration but refused to pay the fee. This is after the court bent over backwards to move the proceedings from court ordered FINRA arbitration to court ordered AAA arbitration. Realize that this matter was removed by MELIKOV from the Superior Court of the State of California, which is much stricter about compelling consumer arbitration and imposing penalties than Federal Court apparently due to the more liberal Federal Arbitration Act.

Nonetheless, in Plaintiffs' Reply to MELIKOV's Opposition to the Motion to Reopen the Case and request for attorney's fees, Plaintiffs' Footnote 3, urged the Court to follow *Lawren Freeman v. SmartPay Leasing, LLC* (11th Cir. 2019) 771 F.App'x 926. That case stands for the proposition that actions inconsistent with the pursuing arbitration

will be deemed a waiver of arbitration. See *Freeman v. SmartPay Leasing, LLC, supra*. In addition, in that same footnote, Plaintiffs also identified 28 U.S. Code § 1927 as an additional reason why the court should award Plaintiffs attorney's fees, besides California law.  This provision allows for attorney's fees when vexatious conduct occurs. This Motion for Reconsideration by MELIKOV is nothing but vexation defined as needless multiplication of proceedings.

The court at the last hearing made it clear that it had not ruled on the attorney's fees provision because the court wanted to see cooperation from MELIKOV in the future and wanted to see what transpired. The court did not deny the request for attorney's fees but held it in abeyance.  The court also strongly urged MELIKOV to obtain legal counsel. We see now in his Motion that he has not done that.  MELIKOV indicated he felt empowered in his ability to present his case.  At the hearing, he went so far as to say that he is proud of his refusal to comply with AAA's ridiculous, unconstitutional requirements. In essence, after two years of precious wasted time of the court as well as Plaintiffs, MELIKOV crows about his legal prowess in a way that makes a mockery of the right to speedy, just resolution of one's claims.  It should be noted that after this past hearing, in a meet and confer on June 3, 2022, MELIKOV told Plaintiffs' attorney, the undersigned, that both Plaintiffs and the undersigned should give up on the cause because MELIKOV was going to make sure that the proceedings were so expensive that no one would make any money, even if Plaintiffs won.  See attached Declaration of J. Owen Murrin at ¶2.  This is the height of vexation and arrogance.

Because Defendant's motion abused the legal process, was not well thought out, and was not authorized by law, the court should take this opportunity to impose the reasonable attorney's fees it was holding in abeyance from the last hearing, which was well documented in Plaintiffs' moving papers.  See Declaration of J. Owen Murrin ¶8 at Dkt. No. 66-1.

We will discuss the reasons why this motion is ill-advised, improper, and thus, an abuse of process.  As a result, Plaintiffs will request a denial of MELIKOV's Motion for Reconsideration, but also that he be sanctioned for instituting this and all his ill-advised and improper conduct, which amounts to significant vexatious litigation – litigation that MELIKOV continues to be proud of.

### **THIS MOTION IS A CONTINUATION OF FRUITLESS, COUNTERPRODUCTIVE, IMPROPER, AND ILLEGAL MANEUVERS BY DEFENDANT MELIKOV**

MELIKOV ignores the requirements that a motion for reconsideration must show new facts, new law, or manifest a failure to consider arguments presented to the court. It cannot be used lightly, nor can it be used to repeat rejected positions, and belatedly present irrelevant material that was always available to be presented at the first two hearings on the Motion to Reopen (Dkt. No. 66). Further, what Plaintiffs are asking for is something that must be presented in a separate motion with supportive material. What Plaintiffs are urging the court is akin to injunctive or mandamus relief. It requires a

myriad of supporting materials, none of which is contained in this Motion for Reconsideration. There is no declaration and no supportive documents from AAA that justify any request that MELIKOV urges in this Motion for Reconsideration, which would be required in a mandamus or injunctive action. This is a blatant violation of the rules of federal procedure and the local rules that set out the procedures necessary to support a federal court mandamus or injunctive action. Nonetheless, even though the flippant Motion for Reconsideration discusses a few cases that give federal courts inherent power, that doesn't fit the bill, and if anything, it supports the power of this court to impose a sanction on MELIKOV at this time using its inherent power provided specifically under 28 U.S. Code § 1927.

"A motion for reconsideration offers an extraordinary remedy to be used sparingly in the interests of finality and conservation of judicial resources." *Rush v. Denco Enters., Inc.*, 2012 WL 3206674, at *2 (C.D. Cal. Aug. 3, 2012) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877 (9th Cir. 2000)) (quotations omitted).

In the Central District, motions for reconsideration are governed by Local Rule 7-18. See C.D. Cal. L.R. 7-18. "Under Local Rule 7-18, a motion for reconsideration is proper only where the moving party demonstrates: (1) there is a material difference in fact or law from that previously presented to the court that in the exercise of reasonable diligence could not have been known to the party at the time of such decision; (2) the emergence of new material facts or a change in law occurring after the court has rendered its decision; or (3) a manifest showing of a failure to consider material facts

presented to the Court." *Lahiri v. Universal Music & Video Distrib. Corp.*, 2006 WL 6030552, at *1 (C.D. Cal. Mar. 28, 2006). Consistent with Local Rule 7-18, "a motion for reconsideration should not be granted, absent highly unusual circumstances." See *Ketab Corp. v. Mesriani Law Grp.*, 2015 WL 2084469, at *2 (C.D. Cal. May 5, 2015) (quoting *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003)) (quotations omitted). "The Court cannot grant reconsideration unless the moving party demonstrates that one of the circumstances required by Local Rule 7-18 exist." *Davidson v. City of Culver City*, 2004 WL 5361891, at *1 (C.D. Cal. Sept. 20, 2004), *aff'd sub nom.*, 159 F. App'x 756 (9th Cir. 2005) (emphasis added).1 Where a purported motion for reconsideration "simply reasserts the same arguments raised" and "previously rejected by the Court," it must be denied. See *Rojo v. Bonnhein*, 2009 WL 2382420, at *1 (C.D. Cal. July 30, 2009) (denying motion for reconsideration).

Though styled as a motion for reconsideration, MELIKOV's motion does not even acknowledge these standards, much less attempt to meet them. See "Mot. to Reconsider" (Dkt. No. 22). MELIKOV never purports to have identified new evidence, an intervening change in law, or any specific manifestly erroneous holding. (Id.) See also *Stewart v. Wachowski*, (C.D. Cal. 2005) 574 F. Supp. 2d 1074, 1122 (denying motion for reconsideration where movant did not identify a "material factual or legal difference that she could not have discovered with due diligence prior to the date the court decided the [initial] motions"); *U.S. ex rel. Holder v. Special Devices, Inc.* (C.D. Cal. 2003) 296 F. Supp. 2d 1167, 1168-69 (similar).

MELIKOV's Motion for Reconsideration relies exclusively on arguments that he either in fact raised or could have raised at the previous two hearings because "[a] motion for reconsideration is not a vehicle to reargue the motion or to present evidence which should have been raised before," the motion fails. See *United States v. Westlands Water Dist*. (E.D. Cal. 2001) 134 F. Supp. 2d 1111, 1131.

MELIKOV does not argue the court committed "manifest error" in denying their motion for attorneys' fees. But even if his contentions that the court was "misguided" or "mistaken" could be construed as such, he does not meet the standard for "manifest error." Manifest error provides a "narrow vehicle" to address a "clearly erroneous" ruling. *Perfect 10, Inc. v. Giganews, Inc*., 2015 WL 1746406, at *3 (C.D. Cal. Mar. 6, 2015) (quoting *Roschewski v. Raytheon Co*., 471 F. App'x 588, 589 (9th Cir. 2012)). "'[C]learly erroneous' is a very exacting standard. Mere doubts or disagreement about the wisdom of a prior decision . . . will not suffice for this exception." Id. (quoting *Hopwood v. Texas* (5th Cir. 2000) 236 F.3d 256)).  MELIKOV does not even contend the court committed error of any magnitude, much less at the required magnitude. His reconsideration is a disguised motion for injunctive or mandamus relief without meeting these requirements and following proper procedure. What this means is that after the court admonished him to get legal counsel, MELIKOV has become emboldened instead of being more cautious, spouting about philosophical analysis of inherent power of the court in a matter that is academic but not practical in this case and being another waste of time and effort. The only interesting point that MELIKOV made is totally erroneous.  He

claims he could not have mandated commercial arbitration as opposed to consumer arbitration because consumer arbitration had not been implemented by AAA at this time. He presented no evidence as to when AAA instituted consumer arbitration, but it is believed to be 2014. He admits that his contracts only provide the arbitration "shall be pursuant to the rules of the American Arbitration Association …" [He never indicated commercial arbitration in his contract.] AAA put the matter into the consumer track. AAA has spoken, and he wants to thumb his nose at it, and the fact of the matter is, as argued before, Plaintiff BYRON COSTA signed his arbitration agreement on April 9, 2016, well after the consumer arbitration had been adopted by AAA, and yet, MELIKOV did nothing to change his contract to specify commercial arbitration as the forum. See Dkt. No. 21, filed by MELIKOV, at Page 81 of 83 (which is page 6 of his Exhibit J) for BYRON COSTA's agreement-arbitration provision. What this means is that he is doomed. His argument makes no sense and renders him noncredible.

Similarly, a "manifest error" requires far more than a demonstration of the "disappointment of the losing party. It is [instead] the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Perfect 10, Inc.*, 2015 WL 174606, at *3 (quoting *Oto v. Metro. Life Ins. Co*. (7th Cir. 2000) 224 F.3d 601).

Noted in the reply to Plaintiffs' Motion to reopen the case was MELIKOV's strategy of accusing his adversary, the undersigned, of being evil, incompetent, insane, and a sociopath. Using such language is an additional factor that goes to the essence of vexatious litigation. It is an abuse to use such terms and resort to name calling tactics.

Yet to date, the court has not levied any sanction or penalty; the court should. To support this and to bring home more details, Plaintiffs quote the Declaration of J. Owen Murrin at ¶7 from the underlying Motion at Dkt. No. 66-1 as follows:

> "On March 16, 2022, AAA sent a third letter, of which a true and correct copy is attached hereto as Exhibit 4, stating that AAA was declining to administer arbitration of this case for failure of the Melikov Defendants to remit the fees previously requested. This was after Melikov and I had a meet and confer where I advised Melikov of the consequences of not submitting, yet Melikov told me he no longer wanted AAA arbitration. This appeared to me to be just another delay tactic. In the same letter, AAA indicated that it may decline future arbitrations involving Defendant MELIKOVA ADVISORY SERVICES, LLC for failing to adhere to AAA's policies. Subsequently, Melikov has refused to pay anything and has gone completely silent when it comes to going forward with any kind of AAA arbitration proposal, although he told me in the above-mentioned meet and confer, that he was going to challenge the AAA proceeding. He has always stated in all his meet and confers, "I am going to make this case as expensive as possible until you give up. You should give up now so you do not lose money", or words to this effect. I also tried to explain to Melikov that arbitration is not free from the beginning and that FINRA arbitration is the most economical for him."

MELIKOV has emotional feelings as all litigants do, but he has to keep them under control and start playing by the rules. The court needs to use sanctions to do this and should do so. Calling Plaintiffs' attorney and AAA staff names it counterproductive. It is like killing the messenger who is delivering a message allowed by law. MELIKOV is proving true, the quote from English writer, William Penn that he is "the Pot [calling] the Kettle black."

## THE COURT SHOULD REOPEN AND IMPOSE SANCTIONS ON MELIKOV'S CONTINUED DISREGARD OF THE LEGAL PROCESS

After being admonished to seek legal counsel, MELIKOV is proud of his efforts and continues to flaunt the law to waste the court's time and effort as evidenced by his totally improper Motion for Reconsideration. Enough is enough. Reopening the case and imposing sanctions for MELIKOV's conduct is appropriate and consistent with the law in many federal court decisions. See *Postmates Inc. v. 10,356 Individuals* (C.D. Cal. Jan. 19, 2021) 2021 U.S. Dist. LEXIS 28554; *Hagan v. Park Miller LLC* (N.D. Cal. Apr. 29, 2021) 2021 U.S. Dist. LEXIS 84904.

Plaintiffs are entitled to reimbursement for the abandoned arbitration proceeding and attorney's fees and now another ill-advised, repetitive motion. This is the power that the U.S. Congress has given this court under 28 U.S. Code 1927. This is an example of multiplying the proceedings as a vexatious and unreasonable level. Plaintiffs again request the full amount of the $43,000 of attorney's fees spent as documented in the Declaration of J. Owen Murrin ¶8 from the underlying Motion at Dkt. No. 66-1.

## CONCLUSION

For all of the above reasons, this is a case the court should reopen, take control of, and sanction Defendant MELIKOV.

Dated: July 7, 2022                    MURRIN LAW FIRM

_____
J. Owen Murrin, Attorney for
Plaintiffs DARRELL E. COSTA
and BYRON C. COSTA