JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | CV 20-09467 AB (ASx) | Date: | December 6, 2024 |

Title: *Darrell E. Costa et al v. Roman Melikov, et al.*

Present: The Honorable **ANDRÉ BIROTTE JR., United States District Judge**

| Daniel Tamayo | N/A |
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] ORDER **DENYING** PLAINTIFFS' APPLICATION FOR DEFAULT JUDGMENT AGAINST MELIKOVA ADVISORY SERVICES LLC [Dkt. No. 164]

Before the Court is Plaintiffs Darrell E. Costa and Byron C. Costa's ("Plaintiffs") Application for Default Judgment ("Application," Dkt. No. 164).[1] The Application is **DENIED**.

I. BACKGROUND

Plaintiffs filed this action against individual Roman Melikov, Melikova Advisory Services LLC, Interactive Brokers LLC, and Interactive Brokers Group, Inc. *See* Compl. (Dkt. No. 1 p. 36). The gravamen of the Complaint is that the Plaintiffs hired Melikov Advisory Services to invest their inheritance, but that Melikov Advisory Services and its principal Roman Melikov engaged in highly risky speculative trading that was not appropriate for their goals. As a result, between 2016 and 2019, their account lost about $432,671. Compl. ¶ 38. The

---

[1] Dkt. No. 163 appears to be a partial duplicate filing and is **STRICKEN**.

**JS-6**

amount of principal the Plaintiffs invested is not clearly stated. Plaintiffs also fault the Interactive Brokers defendants, the custodian of the account, alleging they should not have let the Melikov Defendants trade on their platform. Based on these allegations, Plaintiffs asserted 14 claims against the Defendants.

The Interactive Brokers defendants were dismissed after their claims were sent to arbitration. After years of litigation, Plaintiffs and Roman Melikov settled. The only remaining defendant is Melikova Advisory Services. Plaintiffs now move for default judgment on their negligence claim against Melikova Advisory Services.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 55(b)(2) authorizes a district court to grant default judgment after the Clerk of Court enters default under Rule 55(a). *See* Fed. R. Civ. P. 55(b). Additionally, Local Rule 55-1 requires the party seeking default judgment to submit a declaration that includes: (1) when and against what party the default was entered; (2) the pleading on which default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator, or other representative; (4) that the Servicemembers Civil Relief Act does not apply; and (5) that notice has been served on the defaulting party, if required by Rule 55(b)(2).

Once default has been entered, the factual allegations in the complaint, except those concerning damages, are deemed admitted by the non-responding party.  *See* Fed. R. Civ. P. 8(b)(6); *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). However, default judgment is not automatic upon the Clerk's entry of default; rather, it is left to the sound discretion of the court. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092-93 (9th Cir. 1980). The Ninth Circuit has directed courts to consider several factors when deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff, (2) the merits of plaintiff's substantive claims, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether defendant's default was the product of excusable neglect, and (7) the strong public policy favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

**JS-6**

## III.  DISCUSSION

The Declaration of J. Owen Murrin, Plaintiffs' counsel, includes information sufficient to satisfy Local Rule 55-1.

However, the Application falls short in substance in multiple respects. The 3-page long memorandum of law lists the *Eitel* factors but fails to analyze them. The notice states that Plaintiffs seek default judgment on their claims of negligence and breach of Cal. Civ. Code § 3372, but the memorandum of law does not set forth the elements of either or show how they are satisfied in this case. The memorandum is missing some key facts, including a summary of Plaintiffs' allegations or even the amount of principal that Plaintiffs invested. The memorandum refers to the fourteen-count, 43-page Complaint and relies on its allegations as having been established, but fails to specifically cite any of the 183 paragraphs or, again, to organize the relevant allegations into any claim. The memorandum refers to evidence filed with the Application, including declarations, but fails to cite specific parts of that evidence, organize it, or present it in a useable fashion. Some matters that should be in the memorandum of law, such as references to statutes, are instead in declarations. These are some of the deficiencies; there may be others. The Court is not going to search the Complaint and other materials for the relevant allegations and evidence, find the applicable law and standards of care for brokers, research Cal. Civ. Code § 3372, assemble the case, and apply the *Eitel* factors on its own.

For the foregoing reasons, the Application for Default Judgment is **DENIED** and the case is **DISMISSED**.

This Order constitutes **ENTRY OF FINAL JUDGMENT**.

The Clerk's Office is **ORDERED** to close the case.

**SO ORDERED.**